UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDIE CARTER and
VENKATESWARLU BULUSU,

      Plaintiff(s),

v.

DEPARTMENT OF HOMELAND
SECURITY, United States Citizenship and
Immigration Service; DISTRICT
DIRECTOR, Detroit District, United States
Citizenship and Immigration Service; and
FEDERAL BUREAU OF INVESTIGATION,
National Name Check Program,

      Defendant(s).
_____/

Case No. 07-12953

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [4]**

    Plaintiffs Brandie Carter and Venkateswarlu Bulusu seek a writ of mandamus that compels Defendants Department of Homeland Security ("DHS"), District Director, and Federal Bureau of Investigation ("FBI") to adjudicate Plaintiff Bulusu's Application to Adjust Status. This matter comes before the Court on Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim upon which relief can be granted. For the reasons set forth below, Defendants' motion is GRANTED.

**I.    Facts**

    Plaintiff Bulusu is a citizen of India. (Compl. at ¶ 2.) In May 2006, he married Plaintiff Carter, a citizen of the United States. (Pl.'s Resp. at 1.) In July 2006, Bulusu filed an

Application to Register Permanent Residence or Adjust Status (Form I-485) with the United States Immigration and Naturalization Services (USCIS). (Def.'s Mot. at 1.) The purpose of the Application was to adjust Bulusu's status from an "alien worker" to a "legal permanent resident." (Pl.'s Resp. at 1.)

When an alien applies for adjustment of status, USCIS conducts a background investigation that includes an FBI name and fingerprint check, as well as an Interagency Border Inspection System check. (Def.'s Mot. at 2.) The purpose of the backrgound check is to make sure that the applicant is eligible for adjustment of status and is an admissible alien. (*Id.* at 3.) The FBI processes name checks on a "first in, first out" basis unless USCIS requests that a particular name check be expedited. (*Id.* at 3; Ex. C at ¶ 18.) In 2006, the FBI processed 3.4 million name checks. (*Id.* at 2)

In this case, the FBI submitted a name check request for Bulusu on July 13, 2006. (*Id.* at 4.) Bulusu was interviewed by an officer at the Detroit District Office of DHS on October 19, 2006, regarding his petition. (Compl. at ¶ 7.) Since that time, Bulusu has made numerous attempts to secure adjudication of his application, including contacting DHS, Congressman Knollenberg, and Senator Levin. (Compl. at ¶ 9.) Bulusu was informed that the mandatory name check remains pending. (*Id.* at ¶ 10, Ex. 2 at 2.) As a result, the application itself also remains pending.

Plaintiff filed this suit on July 16, 2007. This matter is now before the Court on Defendants' motion to dismiss.

**II.    Standard of Review**

Defendants' motion rests on two procedural grounds, Fed R. Civ. P. 12(b)(1) and 12(b)(6). In this situation, the Court is "bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Where subject matter jurisdiction is challenged in a 12(b)(1) motion, it is Plaintiff's burden to prove jurisdiction. *Id.*

## III. Analysis

Defendants assert that the Court does not have subject matter jurisdiction to hear Plaintiffs' claims. Plaintiffs assert several bases of subject matter jurisdiction: federal question jurisdiction, 28 U.S.C. § 1331; the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.; the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.; and the Mandamus Act, 28 U.S.C. § 1361. The Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950). Similarly, the APA by itself fails to grant a court subject matter jurisdiction to review a challenge to agency action in the federal courts; rather, a Court's jurisdiction over an APA claim is premised upon federal question jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 105-06 (1977). Thus, jurisdiction, if it exists, will be premised upon the Mandamus Act or the APA by way of 28 U.S.C. § 1331.

### A. Adjustment of Immigration Status

The Immigration and Nationality Act, 8 U.S.C. § 1255, authorizes the Attorney General to adjust the immigration status of certain aliens who have been admitted into the United States. The statute provides:

3

> The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

The statute's implementing regulations provide that immigration officials may withhold the adjudication of an application when "an investigation has been undertaken involving a matter relating to eligibility." 8 C.F.R. § 103.2(b)(18). The statute and pertinent regulations do not set forth any time period in which a determination must be made.[1]

### B. Jurisdiction Under the Mandamus Act

This Court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." *In re Parker*, 49 F.3d 204, 206 (6th Cir. 1995). Furthermore, "[f]or there to be a 'duty owed to the plaintiff' within the meaning of section 1361, there must be a mandatory or ministerial obligation." *Ryon v. O'Neill*, 894 F.2d 199, 205 (6th Cir. 1990). Stated differently, mandamus is appropriate only where an individual is owed "a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 617 (1984).

---

[1] Plaintiffs point out that 8 U.S.C. 1571(b) provides that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." This provision, however, "amounts to no more than non-binding, legislative dicta." *Yang v. California Dept. of Soc. Servs.*, 183 F.3d 953, 961-62 (9th Cir. 1999). Indeed, when Congress intends to set a time limit for the determination of an immigration benefit, it has done so. *See, e.g.,* 8 U.S.C. § 1447(b) (setting a 120 day time limit for the determination of a naturalization application).

4

The majority of courts to confront this issue have concluded that immigration officials do not have a "clear nondiscretionary duty" to adjudicate an application for adjustment of status within a particular time frame. *See, e.g., Safadi v. Howard*, 466 F. Supp. 2d 696, 700 (E.D. Va. 2006) ("defendant does not owe plaintiff a 'clear nondiscretionary duty' to process his adjustment of status application at any particular pace or speed"); *Grinberg v. Swacina*, 478 F. Supp. 2d 1350, 1352 (S.D. Fla., 2007) ("The majority of courts . . . have dismissed similar actions for lack of subject matter jurisdiction."). This conclusion is shared by every court in the Eastern District of Michigan that has addressed the issue.[2] In *Zalmout v. Gonzalez*, No. 07-12575, 2007 WL 3121532, *2 (E.D. Mich. Oct. 24, 2007) (Duggan, J.), the Court suggested that subject matter jurisdiction may exist for claims similar to Plaintiffs' when the adjudication of an application has been abandoned. The Court also noted, however, that a two year delay did not constitute abandonment. *Id.* at *3. As Plaintiff's application in this case has been delayed less than two years, *Zalmout* does not apply.[3]

---

[2] *See Shen v. Chertoff*, 494 F. Supp. 2d 592 (E.D. Mich. 2007) (Friedman, J.); *Tageddine v. USCIS,* No. 07-11315 (E.D. Mich. July 12, 2007) (Zatkoff, J.); *Kiromi v. USCIS*, No. 07-10446, 2007 WL 2049521 (E.D. Mich. July 13, 2007) (Cook, J.); *Xu v. Chertoff*, No. 06-15398, 2007 WL 2221401 (E.D. Mich. July 31, 2007) (Steeh, J.); *Khan v. Chertoff*, No. 07-10527 (E.D. Mich. July 26, 2007) (Ludington, J.); *Chehab v. Chertoff*, No. 07-11068, 2007 WL 2372356 (E.D. Mich. Aug. 17, 2007) (O'Meara, J.); *Kuchumov v. Chertoff*, No. 07-12277, 2007 WL 2782045 (E.D. Mich. Sept. 24, 2007) (Duggan, J.); *Azadegan v. Chertoff*, No. 07-11238, 2007 WL 2822783 (E.D. Mich. Sept. 27, 2007) (Borman, J.); *Maftoum v. Chavez*, No. 07-12819, 2007 WL 3203850 (E.D. Mich. Oct. 31, 2007) (Cleland, J.); *Korobkova v. Jenifer*, No. 07-11334, 2007 WL 3245178 (E.D. Mich. Nov. 2, 2007) (Gadola, J.); *Barakat v. Gonzales*, No. 07-11579 (E.D. Mich. December 5, 2007 (Battani, J.).

[3] Judge Duggan recently determined that, despite a four year delay, the adjudication of Mr. Zalmout's application had not been abandoned. *Zalmout v. Gonzalez*, No. 07-12575, 2007 WL 4327327 (E.D. Mich. December 10, 2007).

Plaintiffs argue that while the final determination regarding adjustment may be discretionary, Defendants' duty to make a decision within a reasonable time is not.[4] In support, Plaintiffs cite various district court opinions that have asserted subject matter jurisdiction to hear adjustment of status claims. *See, e.g., Tang v. Chertoff*, No. 07-203, 2007 WL 2462187 (E.D. Ky. August 29, 2007); *Xu v. Chertoff*, No. 07-366, 2007 WL 2033834 (D.N.J. July 11, 2007); *Song v. Klapakas*, No. 06-05589, 2007 WL 1101283 (E.D. Pa. April 12, 2007). While the Court recognizes the split of authority that currently exists, the Court is convinced that the cases finding subject matter jurisdiction to be lacking employ the better reasoning.

The Attorney General *may* adjust the status of an alien "in his discretion and under such regulations as he may prescribe." 8 U.S.C. § 1255(a). Furthermore, Congress has provided:

> [N]o court shall have jurisdiction to review . . .
>   (i) any judgment regarding the granting of relief under . . . 1255 of this title, or
>   (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security.

8 U.S.C. § 1252(a)(2)(B)(i-ii).

These two provisions read together illustrate that Defendants do not owe a clear duty to Plaintiffs to process Bulusu's application in any particular time frame. Moreover, as a court that found jurisdiction lacking in this type of case recently noted, "[t]he Court finds it

---

[4] Plaintiffs' argument that Defendants have a duty to adjudicate Bulusu's application misses the mark. Defendants concede a duty to adjudicate; they challenge Plaintiffs' claim that they have a duty to adjudicate within a particular period of time. (Def.'s Reply at 2.)

instructive that none of the cases holding that a non-discretionary duty exists to process I-485 applications have discussed the implications of § 103.2(b)(18)." *Qiu v. Chertoff*, 486 F. Supp. 2d 412, 419 (D. N.J. 2007). § 103.2(b)(18) grants immigration officials the authority to withhold adjudication of an application while an investigation is pending.[5]

Because Plaintiffs are not owed a clear nondiscretionary duty with respect to the speed with which Bulusu's application is adjudicated, the Court lacks subject matter jurisdiction over Plaintiffs' mandamus claim.

### C. Jurisdiction Under the APA

Plaintiffs also claim that subject matter jurisdiction exists under the APA by way of § 1331. Accordingly, Plaintiffs argue, the Court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706. The APA does not apply, however, where the relevant statute "precludes judicial review" or where the "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). As discussed above, the timing of the adjudication of an application for adjustment is "committed to agency discretion by law." As a result, the APA does not provide a basis for subject matter jurisdiction.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED.

---

[5]The primary case relied on by Plaintiffs, *Tang v. Chertoff*, 2007 WL 2462187, *4 n.5 (E.D. Ky. August 29, 2007), did address § 103.2(b)(18) in a footnote, but concluded that the provision did not apply to the facts of the case because "no such determination of necessity or national interest was made or exists in this case."

s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: January 24, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 24, 2008, by electronic and/or ordinary mail.

                                        s/Carol A. Hemeyer
                                        Case Manager